J-S01042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CICERO JAMES QUINN :
:
Appellant : No. 1045 MDA 2020

Appeal from the Judgment of Sentence Entered August 10, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002024-2019

BEFORE: LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 29, 2021**

Appellant Cicero James Quinn appeals from the judgment of sentence

entered in Schuylkill County after a jury convicted Appellant of retail theft,

receiving stolen property, and criminal conspiracy. Appellant challenges the

sufficiency of the evidence supporting his convictions and argues that the trial

court improperly graded his convictions as first-degree misdemeanors in

violation of **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348 (2000).

We vacate Appellant's sentence and remand for resentencing.

The trial court summarized the factual background as follows:

On approximately July 29, 2019, Desirae Somers, the asset
protection manager at the Tamaqua Walmart, was notified by a
Walmart associate that empty Yo-Gi-Oh! card packets were found
in the Garden Center. Ms. Somers then began her investigation.
Initially Ms. Somers totaled the cost of the empty card packages,
which totaled $306.36. Then, through the use of Walmart's

_____

[*] Former Justice specially assigned to the Superior Court.

camera system, Ms. Somers was able to reconstruct Defendant/Appellant's time throughout Walmart. The video, which was played during the trial, showed Defendant/Appellant entering Walmart with another male, walking through Walmart with the same male, discarding empty card packages, concealing the cards on his person, and leaving with the other male. The video played for the jury showed the pair hanging around the Garden Center for an extended period of time where the empty packages were found, and the pair made no purchases from the entire store. Ms. Somers testified she had absolutely no doubt that the suspect in the video and picture taken from the video of the night of the incident was the Defendant/Appellant.

Officer Weaver testified that he became involved in the investigation. Officer Weaver was given the report from Ms. Somers regarding the theft of the cards and he ultimately was the one who arrested the Defendant/Appellant and filed the charges. Officer Weaver identified the Defendant/Appellant as the individual from the video footage.

Trial Court Opinion (T.C.O.), 10/6/20, at 2.

On June 23, 2020, a jury convicted Appellant of the aforementioned charges, which were all graded as first-degree misdemeanors. On August 10, 2020, the trial court sentenced Appellant to one to twelve months' imprisonment for retail theft and twelve months' probation for conspiracy to run consecutive to his prison sentence. This timely appeal followed.

Appellant raises the following issues on review:

1. Was the evidence presented at trial legally insufficient to support the jury's finding of guilt for the charges of retail theft, receiving stolen property, and criminal conspiracy?

2. Is [Appellant's] sentence unlawful insofar as he was sentenced for the crimes of retail theft, receiving stolen property, and criminal conspiracy graded as first-degree misdemeanors where the jury did not make a finding of fact with regards to the value of the items stolen?

Appellant's Brief, at 4.

- 2 -

In reviewing Appellant's challenge to the sufficiency of the evidence supporting his convictions, our standard of review is as follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.
>
> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Ovalles***, 144 A.3d 957, 968–69 (Pa.Super. 2016) (citation omitted).

As noted above, Appellant was convicted of retail theft, receiving stolen property, and criminal conspiracy. Section 3929 of the Crimes Code provides that an individual can be convicted of retail theft if he or she:

> takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S.A. § 3929(a)(1).

Section 3925(a) of the Crimes Code provides that an individual is guilty of receiving stolen property if he or she: "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner.'" 18 Pa.C.S.A. § 3925(a).

With respect to the crime of conspiracy, this Court has provided:

> To convict a defendant of conspiracy, the trier of fact must find that: (1) the defendant intended to commit or aid in the commission of the criminal act; (2) the defendant entered into an agreement with another (a "co-conspirator") to engage in the crime; and (3) the defendant or one or more of the other co-conspirators committed an overt act in furtherance of the agreed upon crime. 18 Pa.C.S.[A.] § 903. The essence of a criminal conspiracy, which is what distinguishes this crime from accomplice liability, is the agreement made between the co-conspirators.

> "[M]ere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient" to establish that a defendant was part of a conspiratorial agreement to commit the crime. There needs to be some additional proof that the defendant intended to commit the crime along with his co-

- 4 -

conspirator. Direct evidence of the defendant's criminal intent or the conspiratorial agreement, however, is rarely available. Consequently, the defendant's intent as well as the agreement is almost always proven through circumstantial evidence, such as by "the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." Once the trier of fact finds that there was an agreement and the defendant intentionally entered into the agreement, that defendant may be liable for the overt acts committed in furtherance of the conspiracy regardless of which co-conspirator committed the act.

*Commonwealth v. Golphin*, 161 A.3d 1009, 1018–19 (Pa.Super. 2017), (quoting *Commonwealth v. Murphy,* 577 Pa. 275, 292, 844 A.2d 1228, 1238 (2004) (citations and quotations omitted)).

Appellant specifically claims there was insufficient evidence to show he had knowledge that his co-defendant, identified as Brandon Outridge, did not purchase the trading cards. While Appellant concedes that one of the surveillance video clips captured footage of Appellant opening several trading card packs with Outridge, Appellant points out that the video evidence fails to show Appellant was with Outridge when he initially selected the trading cards.

As there are gaps in the video surveillance which were not time-stamped, Appellant asserts that it is possible that Outridge paid for the selected cards and met with Appellant at another part of the store. In addition, Appellant argues that his mere presence at the Walmart with Outridge was not sufficient evidence to convict him of conspiracy.

Walmart's surveillance videos captured footage of Appellant and Outridge entering the store together and also recorded Appellant and Outridge acting in tandem when they were ripping open the card packages, concealing

Yu-Gi-Oh! cards on their person, and discarding the package wrappers on a shelf in the Garden Center. Notes of Testimony (N.T.), 6/23/20, at 37. Walmart associates discovered wrappers for thirty-two packets of the trading cards on a shelf in the Garden Center. N.T. at 34-35.

Walmart's asset protection manager, Desirae Somers, indicated that the value of the thirty-two packets of trading cards was $306.36. N.T. at 35. Neither Appellant nor Outridge made any purchases and left the Walmart together.

When reviewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find there was sufficient evidence to allow the jury to infer that Appellant knew that the trading cards were stolen and worked with Outridge according to a common plan to intentionally retain the cards, conceal them on their persons, and leave the store without paying for them. Appellant's own admission that he opened several packets of cards belies his assertion that he was "merely present" while Outridge committed the thefts. As such, Appellant's sufficiency claim fails.

Appellant also argues that the trial court erred in grading his convictions for retail theft, receiving stolen property, and criminal conspiracy as first-degree misdemeanors when the jury was never asked to make a finding of fact as to the value of the items stolen. Appellant argues that his sentence was rendered illegal under *Apprendi* in which the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348.

As an initial matter, we recognize that Appellant raised this claim for the first time in his appellate brief. However, this Court has recognized that "because a challenge to a sentence premised upon *Apprendi* implicates the legality of that sentence, it cannot be waived on appeal." *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa.Super. 2014) (quoting *Commonwealth v. Roney,* 581 Pa. 587, 866 A.2d 351 n. 32 (2005)).

Section 3929(b)(1) of the Crimes Code governs the grading of the offense of Retail Theft and provides in relevant part:

(1) Retail theft constitutes a:

(i) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

(ii) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

(iii) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

18 Pa.C.S.A. § 3929(b)(1).

Section 3903 of the Crimes Code governs the grading of a Receiving Stolen Property charge and provides in pertinent part, that the offense constitutes a first-degree misdemeanor when the property value is $200 or greater, a second-degree misdemeanor if the amount involved was $50 or

more but less than $200, and a misdemeanor of the third degree when the amount involved was less than $50. 18 Pa.C.S.A. § 3903(b).

Further, Section 905(a) provides that a criminal conspiracy conviction must have the same grading as the most serious offense which is the object of the conspiracy. 18 Pa.C.S.A. § 905(a).

In reviewing the record in this case, we find that the prosecution charged Appellant with retail theft, receiving stolen property, and conspiracy as first-degree misdemeanors, and alleged that Appellant stole multiple packs of Yu-Gi-Oh trading cards valued at $306.36. At trial, Walmart's asset protection manager testified that she recovered thirty-two empty wrappers for the trading cards, which were scanned and determined to have a pre-tax value of $306.36. The defense did not stipulate to the value of the cards.

However, the jury was never asked to make any factual determination with respect to the value of the stolen property. The Commonwealth did not object to the trial court's failure to present the jury with the questions necessary to elevate the grading of the aforementioned offenses to first-degree misdemeanors, that is, whether the value of the stolen property exceeded the amount set forth in each statute. In addition, the Commonwealth concedes that the prosecution did not assert that Appellant had been previously convicted of retail theft.

As such, pursuant to ***Apprendi***, the jury's verdict did not authorize the trial court to grade Appellant's offenses as first-degree misdemeanors. The jury did not reach a factual finding with respect to the value of the stolen

property and the prosecution did not show that Appellant had a previous conviction for retail theft.

As a result, Appellant's retail theft conviction should be reduced to a summary conviction and Appellant's convictions for receiving stolen property and criminal conspiracy should be both be graded as third-degree misdemeanors. Accordingly, we vacate Appellant's sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/29/2021